Claude Blankenship and Emma Blankenship (Wife) v. Commissioner. Claude Blankenship v. Commissioner.
Blankenship v. Commissioner
Docket Nos. 45113, 46741.
United States Tax Court
T.C. Memo 1955-169; 1955 Tax Ct. Memo LEXIS 172; 14 T.C.M. (CCH) 646; T.C.M. (RIA) 55169; June 27, 1955
*172 Manny H. Frockt, Esq., for the petitioners. Charles R. Hembree, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income taxes for the years and in the amounts as follows: Docket No.
Petitioner
Year
Deficiency
45113
Claude and Emma Blankenship
1950
$104.00
46741
Claude Blankenship
1949
131.55
The contested issues are (1) whether respondent erred in disallowing an exemption credit for the daughter of petitioner Claude Blankenship for the years 1949 and 1950, and (2) whether respondent erred in disallowing petitioner a deduction of $440 for the year 1949 for periodic alimony payments to a former wife. Findings of Fact Petitioners are husband and wife and residents of Louisville, Kentucky. Their joint income tax return for the taxable year 1950 was filed with the collector of internal revenue for the district of Kentucky, as was the individual return of petitioner Claude Blankenship for the taxable year 1949. As petitioner Emma Blankenship is involved only by reason of having filed a joint return with her husband, Claude Blankenship, the latter will *173 hereinafter be referred to as petitioner. Petitioner, during each of the taxable years involved and for some 20 years prior thereto, was employed by a railroad and worked in and around Louisville, Kentucky. His gross income for 1949 was $3,140.15. His gross income for 1950 is not of record. In 1935 petitioner was married to Marjorie Waldon and one child, Claudia Ann, was born of this marriage on March 11, 1941. This marriage terminated in divorce in October 1946. The decree of divorce granted the custody of the child to the mother and provided that petitioner should pay $40 per month for the support and maintenance of the child and the sum of $40 per month as alimony to the former wife. During each of the taxable years 1949 and 1950, Claudia Ann Blankenship lived with her mother at the home of her mother's sister in Lexington, Kentucky. Throughout each of those years petitioner paid his former wife the sum of $40 per month, or a total of $480 for each year, for his daughter's support and maintenance, pursuant to the decree of divorce. All payments were made in cash and the petitioner's former wife concedes that she received them. During the year 1949 Claudia Ann Blankenship *174 visited her father on Saturday and Sunday of each week. On such occasions petitioner paid for her food and entertainment and at various times throughout that year bought clothes for her. On January 11, 1950, petitioner married his present wife, Emma Blankenship. Thereafter, and throughout the remainder of 1950, petitioner, on Friday of each week, drove to Lexington to pick up his daughter and returned with her to petitioners' home in Louisville. At the end of the daughter's visit on each Sunday afternoon petitioner returned the girl to her mother in Lexington. On each such week-end petitioner spent indeterminate amounts for his daughter's food and entertainment and from time to time throughout that year bought clothes for her. Petitioner during June 1950 expended the sum of $75 on behalf of his daughter in connection with a vacation trip to Florida. On the petitioner's individual return for 1949, and the joint return for 1950, a dependency exemption was claimed for Claudia Ann Blankenship. Respondent disallowed the exemption for both years. On his individual return for 1949 petitioner claimed a deduction of $440, representing alimony payments pursuant to the divorce decree until *175 his former wife remarried on December 1, 1949. I determining his deficiency against petitioner, respondent disallowed the claimed alimony deduction on the ground that petitioner had failed to substantiate the payments to his former wife during 1949. During the taxable years 1949 and 1950 petitioner Claude Blankenship contributed more than one-half the support of his daughter. During the taxable year 1949 petitioner Claude Blankenship made 11 alimony payments of $40 per month to his former wife, as provided in the divorce decree, or a total of $440 for the year. Opinion LEMIRE, Judge: The first question presented is whether petitioner is entitled to an exemption credit for his daughter for each of the taxable years 1949 and 1950. Respondent contends that petitioner has not shown the total cost of support for the child for either taxable year or the amount of such cost contributed by the former wife and, hence, petitioner has failed to prove that he furnished over one-half of the support of the claimed dependent as required by section 25(b)(3)(A), Internal Revenue Code of 1939. [1]
*176 We are satisfied from the record that petitioner has met the statutory requirements on this issue. It is undisputed that during each taxable year involved petitioner contributed the sum of $40 per month, which amount was fixed in the 1946 divorce proceedings as the amount payable for the support and maintenance of Claudia Ann Blankenship. The record further shows that on almost every week-end during 1949 and 1950 petitioner bore the expenses of his daughter's food, lodging, and entertainment. In addition, petitioner spent indeterminate amounts in each of the years involved for clothing for his daughter. Considering all of the facts and circumstances, including petitioner's station in life, we hold that for the taxable years 1949 and 1950 petitioner Claude Blankenship contributed over one-half the support of his minor daughter. Accordingly, the respondent erred in disallowing the dependency exemption credit claimed in each of the taxable years in question. The second issue presented is whether petitioner Claude Blankenship is entitled to a claimed deduction of $440 for the taxable year 1949 for periodic alimony payments to a former wife. The question is purely factual. Petitioner's *177 former wife was sworn as a witness for the respondent and testified that petitioner made no alimony payments to her during 1949. However, she admitted that petitioner had made all such payments to her in previous years. Petitioner testified that he had made no payment for December 1949, since his former wife remarried in that month, but stated unequivocally that he had made all other payments due for that year, in cash, with the possible exception of one month. The former wife admitted giving petitioner permission to miss temporarily one such payment. While the former wife's testimony is in conflict with that of petitioner, after a consideration of the entire record and observing the demeanor of the witnesses, we are inclined to accept the petitioner's testimony that he did make the alimony payments in 1949. The former wife was not a disinterested witness. Accordingly, we have found as an ultimate fact that during 1949 petitioner made 11 alimony payments of $40 per month, or a total of $440, to his former wife pursuant to the decree of divorce. We hold, therefore, that petitioner Claude Blankenship is entitled to the deduction in that amount claimed on his 1949 return. Decision *178 will be entered for the petitioners in Docket No. 45113. Decision will be entered under Rule 50 in Docket No. 46741. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - * * * (3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, or a descendent of either, * * *↩